† WILSON *versus* RING.

A mortgagee in possession of real estate, for condition broken, cannot be dispossessed thereof by the mortager, in a suit at *law*, even after payment of the mortgage debt. In such case the remedy is in equity.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.
WRIT OF ENTRY.

As evidence of his title to the premises, the demandant produced a mortgage deed of one W. G. Bent & al. to Royal Willard, and an assignment to himself, executed and recorded in 1835, together with the last two notes recited in the condition.

The tenant claimed title by a mortgage from said Willard to one Gordon, in 1834, who was admitted to have been the owner of the premises, and had then conveyed them to Willard.

The latter mortgage with the notes was assigned to one Weston, who assigned it to one Ramsdell by whom it was foreclosed.

The tenant subsequently obtained the title of Ramsdell, and the possession has ever been held by him and those under whom he claims.

Demandant alleged fraud in the transfer of the Gordon mortgage, and offered to prove that the notes described therein had been paid by Bent; and that to uphold the mortgage it was assigned to Weston in trust, for the use and benefit of Bent, and that Ramsdell knew about plaintiff's mortgage.

Other evidence was offered not material to an understanding of the case.

It was agreed that if the testimony offered by demandant was admissible, and would affect the legal rights of the parties, the cause is to stand for trial; but if the evidence by tenant furnished a good defence to the suit, a nonsuit to be entered.

*A. W. Paine,* for tenant, made several objections to the maintenance of the suit, among which was, that demandant's

McQuesten *v.* Sanford.

remedy, if any where, was in equity. *Howard* v. *Howard*, 3 Met. 557.

*N. Wilson, pro se.*

APPLETON, J. — It is well settled when the mortgage debt has been paid, though after breach of condition, that the mortgagee cannot maintain a writ of entry to obtain possession of the mortgaged premises.

It is equally well settled, that the mortgagee having entered into possession for breach of condition, and thus having the legal estate, may successfully resist the suit of the mortgager at law, though the debt may have been paid since such entry. In such case, his remedy is by bill in equity. *Parsons* v. *Willis,* 17 Mass., 420.

In this case, the assignee of the first mortgage, after breach of the condition, having the mortgage and notes duly assigned, entered and foreclosed the mortgage. The tenant, an innocent purchaser, claims under his foreclosure. The plaintiff's title is subsequent in the time of its origin, to that of the defendant's. According to all the authorities, his remedy, if any, is by bill in equity. *Hill* v. *Payson,* 3 Mass. 560; *Parsons* v. *Willis,* 17 Mass. 420; *Howard* v. *Howard,* 3 Met. 557.                          *Plaintiff nonsuit.*

---

† McQUESTEN *versus* SANFORD.